UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-00897-SRM-SPx | Date | April 21, 2025 |
|---|---|---|---|
| Title | Valley Outdoor Media Grp., Inc. v. Becker Boards, LLC | | |

PRESENT:

**HONORABLE SERENA R. MURILLO, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present   None Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Valley Outdoor Media Group, Inc. filed this breach of contract case against Defendant Becker Boards, LLC in Riverside County Superior Court on February 18, 2025. Defendant timely removed the case and alleges the Court has diversity jurisdiction over the matter. (Dkt. 1, Notice of Removal ¶¶ 7–16.) Defendant contends there is complete diversity because Plaintiff is a California corporation, (*Id.* ¶ 10), and Defendant is a California limited liability company whose members are citizens of Arizona and Florida, (*Id.* ¶ 11). Defendant further alleges the amount in controversy has been met because the "[c]omplaint seeks damages under certain agreements related to the parties that have annual payment obligations in excess of $75,000." (*Id.* ¶ 8).

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Where, as here, an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). This amount is generally determined from the face of the pleadings. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Conclusory allegations of the amount in controversy are insufficient to invoke diversity jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). Because the removal statute is strictly construed against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party asserting jurisdiction bears the burden of showing subject matter jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A district court must remand the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-00897-SRM-SPx | Date | April 21, 2025 |
|---|---|---|---|
| Title | Valley Outdoor Media Grp., Inc. v. Becker Boards, LLC | | |

case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, Defendant has not adequately alleged that diversity jurisdiction exists because Defendant states in a conclusory fashion that the amount in controversy exceeds $75,000, and the Court could not infer from the excerpts of the attached contractual agreements that the alleged damages caused by the purported breach would amount to more than $75,000.

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** in writing why this case should not be remanded to Riverside County Superior Court for lack of subject matter jurisdiction by **April 28, 2025**. A hearing is set on this matter for **May 1, 2025, at 1:30 p.m.**, via Zoom videoconference.

                                                                                                  -    :    -

Initials of Deputy Clerk    mku

cc: